**Freddie Louis CLABORN**

v.

**Wilbur COHEN, Secretary of Health, Education, and Welfare.**

**Civ. A. No. 68–156.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Aug. 27, 1969.

Gwendolyn B. Crockett, Legal Aid Society of Baton Rouge, Baton Rouge, La., for plaintiff.

Louis C. LaCour, U. S. Atty., Eastern Dist. of La., Charles H. White, Asst. U. S. Atty., Eastern Dist. of La., New Orleans, La., for defendant.

WEST, Chief Judge:

This is a suit by plaintiff, Freddie Louis Claborn, against the Secretary of Health, Education and Welfare, under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), seeking a review of the final decision of the Secretary denying the plaintiff disability benefits under Section 223 of the Act, 42 U.S.C.A. § 423.

Under Section 205(g) of the Act, the Court has the power to enter, upon pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, but the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. Thus, it is not for this Court to substitute its opinion for that of the Secretary, but only to determine whether or not the findings and conclusions of the Secretary are support-

ed in the record by substantial evidence. After a careful review of this record, this Court concludes that the findings and conclusions of the Secretary are, indeed, supported by substantial evidence, and thus should not be disturbed.

The plaintiff claims to have been disabled since March of 1967 because of what he alleges to be "lung trouble." At plaintiff's request, a hearing was held before a Hearing Examiner on February 16, 1968, at which hearing the plaintiff and witnesses were present and testified. The evidence adduced at that hearing, and on the basis of which the adverse ruling of the Examiner was predicated, showed the following facts.

Plaintiff has been treated at various times and for various minor ailments since 1956 by Dr. Alvis C. Williams. In October of 1966 Dr. Williams found the plaintiff had experienced hemoptysis (expectoration of blood or blood tinged sputum) and as a result of this finding he sent the plaintiff to Charity Hospital for a diagnostic workup. When Dr. Williams last saw the plaintiff in August of 1967 he concluded that tuberculosis was ruled out and that plaintiff probably suffered from bronchiectasis, a lung condition causing cough and expectoration. On March 11, 1967, x-rays were taken at the Baton Rouge General Hospital which revealed a two by two cm. cystic cavity which it was concluded may be due to an emphysematous bleb or water filled blister, without any active infiltration. No other significant findings were noted, and the heart was found to be normal. On September 7, 1967, plaintiff was examined by an internist, Dr. Hulon Lott. He reported that his examination was entirely negative for abnormal findings. He reported pulmonary functions normal and no demonstrable disease present.

In January of 1968 the plaintiff was treated at a Louisiana State Hospital and a report was rendered which showed that he was treated for flu, accompanied by chronic lung disease. The report also showed that chest x-rays were negative and that there was no cardiology and no evidence of pneumonia. Reports from the Charity Hospital were filed in evidence. They showed that back in 1954 x-rays revealed a cystic area in plaintiff's right lung. X-rays taken in 1967 showed an infiltration in the right upper lung field and some emphysematous changes. Electrocardiograms and G.I. series were negative. On July 10, 1967, a diagnosis of questionable old tuberculosis and questionable arthritis of the left shoulder was made. A report of Dr. James T. Bernard rendered on November 28, 1967, indicates that the plaintiff was seen in October, 1967, complaining of numbness in his extremities. The diagnosis was "impaired peripheral circulation" with "no respiratory difficulty."

In the report of Dr. David W. Wall, a cardiologist, the doctor concluded:

"Pulmonary function studies were normal at present. It may well be that this man develops asthma and asthmatic bronchitis, but in between times he should be perfectly capable of working. I also feel that it should be possible to control the symptoms with anti-histamines and nebulizers. If needed I would suggest giving him a short course of steroids to allow him to get back to work and loose (sic) his feeling of being handicapped. Perhaps after he gets back to work and makes some money the possibility of desensitization could be considered."

The plaintiff testified that he was born in 1918 and had only a third grade education. He can read and write a little, and has spent his working life doing general farm work, pumping gasoline, greasing cars, changing oil in cars, loading and unloading trucks, driving trucks, and doing general janitorial work. While he claims he has been unable to work since March 24, 1967 because of lung trouble, the record upon which the Examiner's decision was based shows otherwise. In March of 1967 plaintiff missed only five days work and earned $194.19; in April he missed two days work and earned $238.76; in May he missed two days work and earned $260.-10; in June he missed no time from work and earned $374.15; and in July

he missed eight days work and earned $110.66. When asked why he was not working now, he replied, in essence, that he was sure no one would hire him because of his age, his lack of education, his illness, and because of the fact that he had not been discharged from treatment by the Charity Hospital. He said if asked whether or not he could work, he would have to say "no" and thus he would not get a job.

Under the Social Security Act "disability" is defined as follows:

"(d) (1) The term 'disability' means—

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *

"(2) For purposes of paragraph (1) (A)—

"(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."

In summing up the reasons for denying the plaintiff disability benefits, John E. Bluett, Director, Division of Reconsideration, Bureau of Disability Insurance, stated:

"The medical evidence which includes reports from your physicians, hospital records and the results of a special examination arranged for you at Government expense, discloses that you do have some slight lung changes. However, these changes have remained stable for a number of years and have not interfered with your ability to work. Chest X-rays and an electrocardiogram reveal no heart abnormalities. Special tests indicate there is no reduction in your breathing capacity. There is no evidence of any other impairment which would affect your ability to work. While it is realized that you experience some discomfort at times, the medical evidence shows your condition is not severe enough to prevent you from performing your usual type of work activity."

This Court now finds, as a matter of fact, that the summary of Mr. Bluett is an accurate summary of the evidence in this case, and that there is, in fact, ample and substantial evidence in the record to justify the conclusion of the Hearing Examiner that the plaintiff does not qualify under the above quoted provisions of the law for disability benefits under the Social Security Act, and this Court further finds, as a matter of law, that since there is substantial evidence upon which to predicate the Hearing Examiner's opinion, his opinion should not be disturbed by this Court. Judgment will be entered accordingly granting defendant's motion for summary judgment and dismissing plaintiff's complaint.